[Crim. No. 5515. Second Dist., Div. One. Nov. 7, 1955.]

In re RAYFORD MEDLIN, on Habeas Corpus.

Louis Most, under appointment by the District Court of Appeal, for Petitioner.

Edmund G. Brown, Attorney General, and James D. Loebl, Deputy District Attorney, for Respondent.

DORAN, On August 27, 1953, a petition was filed in the superior court of the State of California, in and for the county of Los Angeles by Louis F. Acosta, Deputy Sheriff, alleging that he believed Rayford M. Medlin to be mentally ill and in need of supervision; that the said Rayford M. Medlin was then held in the Los Angeles County jail, Booking No. 282688 on a charge of suspicion of extortion and that the said Louis F. Acosta had a letter from Dr. Marcus E. Crahan, Senior Jail Physician, which stated in part that the story said defendant gave to the examiner had a delusional trend and his ideations appeared to be abnormal and irrational, that it was felt he should be given a period of observation in the psychopathic ward and such disposition made as deemed advisable and indicated by the psychopathic court.

That an order for the examination or detention of the said Rayford M. Medlin at the psychopathic ward of the Los Angeles County General Hospital was made by the Honorable George A. Dockweiler of the Superior Court in and for the County of Los Angeles on August 27, 1953 and on August 28, 1953 the same judge ordered him to appear for hearing and examination in Department 54 of the superior court on September 1, 1953 at 9:30 a. m.; that a certificate of medical

examiners was signed and filed by Doctors J. G. Staub and F. A. Buell, stating that they had examined Rayford M. Medlin on August 28, 1953 and made a tentative diagnosis of paranoid psychotic reaction with recommendation for supervision, treatment and care at the Norwalk State Hospital.

That thereafter the judgment of mental illness and order for care and hospitalization was made and petitioner, Rayford M. Medlin was committed to said Norwalk State Hospital on September 1, 1953, where he is now confined.

On September 14, 1955, petitioner filed with this court a petition for a writ of habeas corpus, seeking his release on the ground that his confinement was illegal in that while held for observation in the psychopathic ward of the General Hospital of Los Angeles County, and when arraigned in Department 54 of the superior court, "I asked the Clerk of court to contact an attorney for me. The Clerk of court stated that he would contact an attorney to represent me. However, the Clerk of court failed to contact an attorney to represent me." This court issued an order to show cause directed to Robert E. Wyers, M. D., Superintendent, Metropolitan State Hospital at Norwalk, California, to appear and show cause why the writ prayed for should not issue.

In his return to the aforesaid order to show cause, respondent superintendant and medical director alleged that petitioner was confined in said state hospital pursuant to the commitment by said superior court as above set forth. With said return there was also filed an affidavit of L. L. Solomon, Deputy County Clerk of Department 54 of the Superior Court of Los Angeles County, wherein the affiant stated:

"That at no time on or before September 1, 1953, the date on which petitioner's sanity hearing was held in Department 54 of the Superior Court did the petitioner contact the affiant; that at no time on or before September 1, 1953 did petitioner request the affiant to procure an attorney for petitioner; that at no time on or before September 1, 1953 did affiant agree to procure an attorney for petitioner."

In his aforesaid return the superintendent and medical director of the Metropolitan State Hospital further set forth, "That on September 20, 1955 Rayford Medlin was before the Medical Staff of this hospital and was again diagnosed as being mentally ill; that it is my opinion as Superintendent and Medical Director of the Metropolitan State Hospital that said Rayford Medlin continues to be mentally ill and

should be confined in a State institution for care and treatment."

Since petitioner was legally committed and continues to be mentally ill it follows that the order to show cause heretofore issued should be discharged and the petition for a writ of habeas corpus denied. It is so ordered.

White, P. J., and Ashburn, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.